Ryan Gile, Esq.
*rg@gilelawgroup.com*
Nevada Bar No. 8807
**GILE LAW GROUP, LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

Rob L. Phillips, Esq.
*rob.phillips@fisherbroyles.com*
Nevada Bar No. 8225
**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Tel. (702) 518-1239

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC, | Case No. 2:22-cv-00158-GMN-DJA |
| Plaintiff/Counter-Defendant, | **ANSWER TO COUNTERCLAIM** |
| v. | |
| SPECTRUM LABORATORIES, LLC, | |
| Defendant/Counterclaimant. | |

Plaintiff/Counter-Defendant AIM HIGH INVESTMENT GROUP, LLC (hereinafter "Aim High" or "Plaintiff"), by and through its attorney of record, hereby denies all allegations contained in Defendant/Counterclaimant SPECTRUM LABORATORIES, LLC's (hereinafter "Spectrum" or "Defendant") Counterclaim (ECF No. 7) that are not specifically admitted below, and further denies that Defendant is entitled to any relief, including the relief that Defendant requests. The paragraph numbers correspond to those in Defendant's Counterclaim.

**PARTIES**

1. Plaintiff admits that Defendant is an Ohio limited liability company, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph of the Counterclaim and, therefore, denies the same.

2. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

### JURISDICTION AND VENUE

3. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

4. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

### FACTS

5. Plaintiff admits only that Spectrum is listed as the assignee on the face of the '105 patent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Counterclaim and, therefore, denies the same.

6. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Counterclaim and, therefore, denies the same.

7. Plaintiff admits that it sells a laboratory-made urine product called *XStream,* but otherwise denies the remaining allegations contained in this paragraph of the Counterclaim.

8. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

9. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

10. Plaintiff admits the allegations contained in this paragraph of the Counterclaim.

11. Plaintiff admits that *XStream* contains a form of chloride, but otherwise denies the allegations contained in this paragraph of the Counterclaim.

12. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

13. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.[1]

14. Plaintiff admits to receiving Defendant's January 8, 2021, letter that included a one-page lab report test that purportedly detected the presence of methylisothiazolinone and chloromethylisothiazolinone after analyzing Plaintiff's *XStream* product, but denies the remaining

---

[1] Plaintiff assumes that the reference to a "'653 Patent" in the heading of the first claim chart is a typographical error and that Spectrum meant to refer to the '776 patent.

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

ANSWER TO COUNTERCLAIM                        2

1  allegations contained in this paragraph of the Counterclaim.

2      15.    Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

### Count I – Infringement of the '776 Patent

16. Plaintiff repeats, realleges, and incorporates by reference all of its answers to the allegations in the preceding and ensuing paragraphs of Defendant's Counterclaim as if fully set forth herein.

17. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

18. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

19. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

20. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

21. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

22. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

23. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

24. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

25. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

26. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

### Count II – Infringement of the '105 Patent

27. Plaintiff repeats, realleges, and incorporates by reference all of its answers to the allegations in the preceding and ensuing paragraphs of Defendant's Counterclaim as if fully set forth herein.

28. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

29. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

30. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

31. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

32. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

33. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

34. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

35. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

36. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

37. Plaintiff denies the allegations contained in this paragraph of the Counterclaim.

## PRAYER FOR RELIEF

The allegations in the paragraphs requesting relief are in the nature of a prayer. Although no response is required, Plaintiff denies the allegations in Defendant's prayer for relief against Plaintiff and denies that Defendant is entitled to an award of any relief whatsoever from Plaintiff or this Court.

## AFFIRMATIVE DEFENSES

1. Defendant's Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant's counterclaims are barred or limited from recovery in whole or in part by applicable statute of limitations.

3. Defendant's counterclaims are barred or limited from recovery in whole or in part by the doctrines of estoppel, laches, waiver, and/or acquiescence.

4. Defendant's counterclaims are barred or limited from recovery in whole or in part by the doctrine of unclean hands.

5. Plaintiff has not infringed and does not infringe, under any theory of infringement (including directly or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of United States Patent Nos. U.S. Patent No. 7,192,776 entitled "Synthetic Urine and Method of Manufacturing Same" (the "'776 Patent") and/or U.S. Patent No. 9,128,105 entitled "Urea-Based Synthetic Urine and Method of Manufacturing Same" (the "'105 Patent" and together with the '776 Patent, the "Patents-in-Suit").

6. Some or all of the claims of the Patents-in-Suit are invalid for failing to satisfy one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

7. Some or all of the claims of the Patents-in-Suit are not entitled to a scope sufficient

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

to encompass any product sold or offered for sale by Plaintiff.

8. To the extent that Defendant failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Plaintiff's actions allegedly infringe the Patents-in-Suit, Plaintiff is not liable to Defendant for the acts alleged to have been performed before they received actual notice that it was allegedly infringing the Patents-in-Suit.

9. Defendant's counterclaims for injunctive relief are barred because Defendant cannot show that it will suffer any irreparable harm from Defendants' actions.

10. Any alleged injury by Defendant would be adequately compensated by damages, and therefore Defendant has a complete and adequate remedy at law and is not entitled to seek equitable relief.

11. Plaintiff hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Plaintiff reserves the right to seek leave of court to amend this Answer to Defendant's Counterclaim to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

12. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this answer to the Defendant's Counterclaim and Defendants reserve the right to amend their Answer to Defendant's Counterclaim as additional information becomes available or as additional affirmative defenses are revealed in the course of discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, having answered Defendant's Counterclaim, Plaintiff prays for judgment as follows:

1. That Defendant takes nothing by reason of its Counterclaim.

2. That Defendant's Counterclaim be dismissed against Plaintiff with prejudice.

3. A finding that this is an exceptional case and awarding Plaintiff all attorney's fees

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

incurred by Plaintiff in connection with defending this lawsuit.

4. For costs and disbursements incurred by Plaintiff in connection with this lawsuit.

5. For such other further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: April 4, 2022

                Respectfully Submitted,

                **FISHERBROYLES, LLP**

*/s/ Rob L. Phillips*
Rob L. Phillips, Esq.
*rob.phillips@fisherbroyles.com*
Nevada Bar No. 8225
5670 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Tel. (702) 518-1239

**GILE LAW GROUP, LTD.**
Ryan Gile, Esq.
*rg@gilelawgroup.com*
Nevada Bar No. 8807
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

ANSWER TO COUNTERCLAIM          6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

*/s/ Rob L. Phillips*
Employee of FisherBroyles, LLP