Ryan Gile, Esq.
rg@gilelawgroup.com
Nevada Bar No. 8807
**GILE LAW GROUP LTD**.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

Rob L. Phillips, Esq.
rob.phillips@fisherbroyles.com
Nevada Bar No. 8225
**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Tel. (702) 518-1239

*Attorneys for Plaintiff/Counter-Defendant
Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC,<br><br>　　　Plaintiff/Counter-Defendant,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC<br><br>　　　Defendant/Counterclaimant. | Case No.: 2:22-cv-00158-GMN-DJA<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE**<br><br>**As amended on page 2** |

　　　Pursuant to FRCP 26(f), a telephonic conference was held on April 7, 2022, and was attended by Ryan Gile, Esq., of Gile Law Group Ltd, and Rob L. Philips of FisherBroyles LLP, on behalf of Plaintiff Aim High Investment Group, LLC ("Plaintiff") and Matthew J. Cavanagh of McDonald Hopkins LLC on behalf of Defendant Spectrum Laboratories, LLC ("Defendant"). The parties hereby submit their proposed Discovery Plan and Scheduling Order in accordance with LPR 1-11.

/ / /

/ / /

/ / /

/ / /

The Parties hereby stipulate and agree to the following proposed deadlines in this case:

| Event | Deadline |
|---|---|
| Discovery Cut-Off | February 1, 2023 [300 days from Rule 26(f) scheduling conference, extra 30 days sought due to jointly agreed extension of early deadlines] |
| Disclosure of Plaintiff's Rule 26(a) Non-infringement, Invalidity and Unenforceability Contentions pursuant to LPR 1-11. | May 20, 2022 [per agreement of parties] |
| Disclosure of Defendant's Responses to Plaintiff's Non-Infringement, Invalidity and Unenforceability Contentions, and Disclosure of Defendant's Asserted Claims and Infringement Contentions, pursuant to LPR 1-11. | July 5, 2022 [45 days later] |
| Exchange of Proposed Terms for Claim Construction pursuant to LPR-13 | July 6, 2022 [90 days after scheduling conference] |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence pursuant to LPR-14 | July 20, 2022 [14 days later] |
| Joint Claim Construction and Preliminary Statement pursuant to LPR-15 | August 3, 2022 [14 days later] |
| Defendant's Claim Construction Brief pursuant to LPR 1-16 | August 24, 2022 [21 days later] |
| Plaintiff's Claim Construction Brief pursuant to LPR-16 | September 14, 2022 [21 days later] |
| Defendant's Reply Claim Construction Brief pursuant to LPR-16 | September 21, 2022 [~~21~~ 7 days later] |
| Motions to Amend Pleadings, Add Parties | ~~October 15, 2022~~ [90 days to close of fact discovery] **November 3, 2022** |
| Claim Construction Hearing, Tutorials and Order | **Hearing:** November 21, 2022 [within 60 days after Reply Brief is filed, the Court will aim to complete its hearing]<br><br>**Order:** January 19, 2023 [within 120 days after Reply Brief is filed, the Court will aim to issue its Claim Construction Order] |

|  | [If the Court is unable to issue its Order within 120 days after submission of the Reply Brief (by January 19, 2023), the Court may reset the subsequent deadlines as requested by a party or by stipulation] |
| --- | --- |
| Disclosure of Amended Contentions under LPR 1-18a, and Opinion of Counsel Defense under LPR 1-18b | February 20, 2023 [30 days after Claim Construction Order] |
| Expert Designations | March 20, 2023 [60 days after Claim Construction Order] |
| Rebuttal Expert Designations | April 19, 2023 [30 days later] |
| Expert Discovery Cut-Off | May 19, 2023 [30 days later] |
| Dispositive Motion Deadline | June 19, 2023 [30 days later] |

IT IS ORDERED that within **30 days** after the court enters a Claim Construction Order, the parties must submit to a Post-Claim Construction Settlement Conference as set by the court.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the court at least **21 days before the expiration of the subject deadline.** A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff, on or before **June 19, 2023**. If dispositive motions are filed,

GLG-30562                                                       3

then the parties must file a written, joint proposed pretrial order within 30 days of the date the court enters a ruling on the dispositive motions. Within 30 days of the entry of a pretrial order, or as further ordered by the court, the parties must submit to a pretrial settlement conference.

**B. Statement of Reasons for Longer Time Periods**

By agreement of the parties, the Disclosure of Plaintiff's Rule 26(a) Non-infringement, Invalidity and Unenforceability Contentions pursuant to LPR 1-11, proposed by the parties have been extended by approximately 27 days from the default dates provided for in the Local Rules of Practice for Patent Cases. *See* LPR 1-4 through 1-22. This agreed-upon change is to accommodate conflicts in the schedules of the parties' counsel.

**C. Additional Provisions**

1. <u>Alternative Dispute Resolution</u>: The parties met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation. The parties discussed having the Court conduct an early settlement conference and will reach out to the Court to request such conference if and when the parties agree to pursue such a conference as a possible way of settling the case.

2. <u>Alternative Forms of Case Disposition</u>: The parties certify that they have conferred regarding consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01), but respectfully decline to pursue these options at this time.

3. <u>Electronic Evidence</u>: A jury demand has been filed in this matter. The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties agreed that they will produce discovery in an electronic format, insofar as that is practicable, and intend to consult the courtroom administrator, as needed.

4. <u>Extension of Modifications of Discovery Plan and Scheduling Order</u>: All motions or stipulations to extend discovery must be received by the court at least 21 days before the expiration of the subject deadline and must fully comply with L.R. 26-3

5. <u>Electronic Service</u>: The parties agree that discovery requests and production may be served electronically on counsel of record.

6. <u>Stipulated Confidentiality & Protective Order</u>: The parties expect that there will be documents that are worthy of protection either as Confidential or Attorneys' Eyes Only and are in the process of negotiating a Proposed Stipulated Confidentiality Agreement and Protective Order.

7. <u>Court Conference</u>. The parties do not request a conference with the Magistrate Judge before an order relating to discovery may be issued by this Court.

**IT IS SO AGREED AND STIPULATED:**

DATED this 11th day of May, 2021.                    DATED this 11th day of May, 2021.

/s/ Ryan Gile                                                               /s/ Matthew J. Cavanagh
RYAN GILE, ESQ. (NBN 8807)                      DAVID B. CULPAR, ESQ.
**GILE LAW GROUP LTD.**                              (Admitted *Pro Hac Vice*)
1180 N. Town Center Drive, Suite 100          MATTHEW J. CAVANAGH, ESQ.
Las Vegas, NV 89144                                      (Admitted *Pro Hac Vice*)
Tel. (702) 703-7288                                          **MCDONALD HOPKINS**
Email: rg@gilelawgroup.com                         600 Superior Avenue East, Suite 2100
                                                                            Cleveland, OH 44114
Rob L. Phillips, Esq. (NBN 8225)                   Tel: (216) 348-5730 Fax: (216) 5474
**FISHERBROYLES, LLP**                                Email: dcupar@mcdonaldhopkins.com
5670 Wilshire Blvd., Suite 1800                              mcavanaugh@mcdonaldhopkins.com
Los Angeles, California 90036
Tel. (702) 518-1239                                          NICHOLAS J. SANTORO, ESQ. (NBN 532)
Email: *rob.phillips@fisherbroyles.com*          JASON D. SMITH, ESQ. (NBN 9691)
                                                                            **SANTORO WHITMIRE**
*Attorneys for Plaintiff/Counter-Defendant*   10100 W. Charleston Blvd., Suite 250
                                                                            Las Vegas, NV 89135
                                                                            Tel.: (702) 948-8771
                                                                            Email: nsantoro@santoronevada.com
                                                                                       jsmith@santoronevada.com

*Attorneys for Defendant/Counterclaimant*

**IT IS SO ORDERED as amended on page 2.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 12, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.

GLG-30562

6