NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
SANTORO WHITMIRE, LTD.
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone:  (702) 948-8771
Facsimile:   (702) 948-8773
E-mail: nsantoro@santoronevada.com; jsmith@santoronevada.com

DAVID B. CUPAR (Admitted *Pro Hac Vice*)
MATTHEW J. CAVANAGH (Admitted *Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone:   (216)348-5730
Facsimile:    (216)348-5474
E-Mail: dcupar@mcdonaldhopkins.com, mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC<br><br>Defendant/Counterclaimant. | Case No.   2:22-cv-00158-GMN-DJA<br><br>**DECLARATION OF MATTHEW J. CAVANAGH IN SUPPORT OF S&N'S AND ELEMENT'S OPPOSITIONS TO AIM HIGH'S MOTION TO COMPEL** |

I, Matthew J. Cavanagh, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to them.

2. I am a member at the Cleveland, Ohio, law offices of McDonald Hopkins LLC ("McDonald Hopkins" or "MH").

3. I am licensed to practice law in the state of Ohio, before the United States District Court for the Northern District of Ohio, before various other federal courts, before the United States Patent and Trademark Office, and before this Court with pro hac vice permission.

{10544325: }

4. I am one of the attorneys representing Defendant/Counterclaimant Spectrum Laboratories, LLC and Non-Parties S&N Labs and Element Santa Fe Springs in this case.

5. I submit this declaration in support of S&N's and Element's oppositions to Plaintiff Aim High's Motion to Compel Response to Subpoena Duces Tecum.

6. Prior to Aim High filing this lawsuit, I had several communications with Aim High's counsel by email and phone. Relevant written communications between us are attached and are authenticated below.

7. Attached as Exhibit 1 is a true copy of an August 7, 2020 that I wrote to Aim High.

8. Attached as Exhibit 2 is a true copy of an August 13, 2020 email that Aim High's counsel sent to me.

9. Attached as Exhibit 3 is a true copy of an August 14, 2020 email that Aim High's counsel sent to me.

10. Attached as Exhibit 4 is a true copy of an August 28, 2020 letter that Aim High's counsel sent to me.

11. Attached as Exhibit 5 is a true copy of a January 8, 2021 letter that I wrote to Aim High's counsel. This letter enclosed a redacted, single-page test result from S&N, which showed that Aim High's *XStream* product tested positive for CMIT and MIT, which are both isothiazolines and thus both are biocides claimed by Spectrum's '776 and '105 patents. My letter stated explicitly that the test results were provided "confidentially and under FRE 408," and made "without any waiver of privilege or work product." I provided those test results to try and settle the case and avoid a lawsuit.

12. Aim High never objected to me stating that the test results were provided without waiver of privilege or work product, and it accepted the test results subject to that express qualification.

13. Attached as Exhibit 6 is a true copy of a January 22, 2021 letter that Aim High's counsel sent to me.

14. Attached as Exhibit 7 is a true copy of an October 11, 2021 letter that I wrote to Aim High's counsel. This letter enclosed chemical testing of Aim High's *XStream* product by Element.

1 The test results were provided as part of the same settlement dialogue between the parties that began in August 2020, and the test results were subject to my prior admonition that they were provided without any waiver of privilege or work product. Again, these test results were provided to try and settle the dispute and avoid litigation.

15. Attached as Exhibit 8 is a true copy of an October 25, 2021 letter that Aim High's counsel sent to me.

16. Attached as Exhibit 9 is a true copy of a November 4, 2021 letter that I sent to Aim High's counsel.

17. Despite repeated communications over a year between counsel for the parties, Aim High filed this lawsuit without any warning.

18. The settlement talks broke down when Aim High's principal was unwilling to sign a declaration that Spectrum needed for assurance that Aim High was not intentionally infringing and would not infringe in the future.

19. Attached as Exhibit 10 is a true copy of a June 13, 2022 email that I sent to Aim High's counsel.

20. Attached as Exhibit 11 is a true copy of Aim High's initial disclosures in this case.

21. Neither Spectrum nor Aim High have designated any testifying expert in this case, neither has provided any expert reports in the case.

22. Element has advised me that it estimates the costs of complying with Aim High's subpoena to be around $3,000 plus tax, I asked Aim High to agree to pay that to Element, but it has refused to do so. The $3,000 does not include the legal fees that have been incurred to respond to the Aim High subpoena and its motion to compel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2022.

_____
Matthew J. Cavanagh

{10544325: }

3