# Exhibit 10

# Cavanagh, Matthew J.

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. |
| **Sent:** | Monday, June 13, 2022 11:11 AM |
| **To:** | 'Ryan Gile' |
| **Cc:** | 'Rob Phillips'; Cupar, David B.; Gordon-Seifert, Andrew; jsmith@santoronevada.com; 'Nick Santoro' |
| **Subject:** | Aim High v. Spectrum |

Ryan,

To summarize our call last Friday, Spectrum has not yet decided whether it will rely on the Element lab testing to prove infringement at summary judgment or trial. For now, because expert disclosures have not yet occurred, Element is merely a consulting expert and thus not subject to discovery. *See* Fed. Civ. R. 26(b)(4)(D) (barring discovery as to consulting experts); Fed. Civ. R. 26(b)(4)(A) (allowing depositions of testifying experts "only after the report is provided"). Spectrum may prove infringement by different testing, by a different expert, or by other means, depending (at least in part) on what infringement evidence is produced in discovery by Aim High and its supplier(s). Spectrum is not required to select what expert and testing it will rely upon at trial/summary judgment until the expert disclosure deadline on March 20, 2023. The schedule allows Aim High plenty of time--after that expert disclosure is made--to obtain testing documents by subpoena and deposition.

If Spectrum ultimately chooses to rely on the Element testing to prove infringement at trial/summary judgment, then Element will produce the subpoenaed information and documents regarding its testing of Aim High's product at that time, except for documents protected against disclosure under Fed. Civ. R. 26(b)(4). Element, however, will not produce any documents relating to prior testing of third-party products (if any exist) because they are not relevant and are disproportionate to the needs of the case. Element also will require Aim High to pay Element's costs of responding to the subpoena, which Element presently estimates at $3,000 plus tax. This is required to avoid imposing an undue burden and expense on Element under Fed. Civ. R. 45(d)(1).

To resolve this dispute, therefore, I propose that Spectrum expressly state that it has not, at this stage, selected the Element testing to prove infringement at summary judgment or trial. Spectrum, however, reserves its right to select that testing as infringement proof for trial/summary judgment at any time between now and the expert disclosure deadline. If Spectrum selects Element testing, it will produce the subpoenaed information and documents for Aim High's product (without requiring Aim High to issue a new subpoena), but it will not produce documents protected against disclosure under Fed. Civ. R. 26(b)(4) or documents relating to testing of third-party products (if any exist). And Aim High agrees to pay Element's costs for responding to the subpoena.

Let me know if this is acceptable.

Thanks,
Matt


**Matt Cavanagh**
Member

T: 216.348.5730
C: 216.496.5834
F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

1



2