# Exhibit 11

Ryan Gile, Esq.
*rg@gilelawgroup.com*
Nevada Bar No. 8807
**GILE LAW GROUP, LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

Rob L. Phillips, Esq.
*rob.phillips@fisherbroyles.com*
Nevada Bar No. 8225
**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Tel. (702) 518-1239

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC,<br><br>Defendant/Counterclaimant. | Case 2:22-cv-00158-GMN-DJA<br><br>**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff AIM HIGH INVESTMENT GROUP, LLC (jointly "Defendants"), by and through its undersigned counsel of record, hereby makes its initial disclosures. These initial disclosures are based on information presently available to Plaintiff as of this date, recognizing that its investigation continues, and that discovery has just begun. Plaintiff's investigation of this case is ongoing, and Plaintiff reserves the right to amend, modify, and supplement these initial disclosures at any time as additional information becomes available during the course of discovery.

In making these disclosures, Plaintiff does not purport to identify every individual document, data compilation, or tangible thing possibly relevant to this lawsuit. Rather, Plaintiff's

disclosures represent a good faith effort to identify discoverable information it currently and reasonably believes may be used to support its claims and defenses as required by Fed. R. Civ. P. 26(a)(1). Furthermore, Plaintiff makes these disclosures without waiving its right to object to the production of any document, data compilation, or tangible thing disclosed on the basis of any privilege, work product, relevancy, undue burden, or other valid objection. These disclosures do not include information that may be used solely for impeachment purposes. While making these disclosures, Plaintiff reserves, among other rights, (1) the right to object on the grounds of competency, privilege, work product, relevancy and materiality, admissibility, hearsay, or any other proper ground to the use of any disclosed information, for any purpose in whole or in part in this action or any other action, and (2) the right to object on any and all proper grounds, at any time, to any discovery request, discovery motion, or other discovery procedures relating to the persons or documents identified in these initial disclosures or relating to the subject matter of this litigation. In addition, these disclosures do not identify or otherwise include information regarding expert witnesses, as Fed. R. Civ. P. Rule 26(a) does not require Plaintiff to provide such information at this time. The following disclosures are made subject to the above objections and qualifications.

**A.     WITNESSES**

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

1. Michael Salame
c/o Gile Law Group Ltd.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

This witness is the Manager of Plaintiff and may provide testimony or possess documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

2. Matt Stephens
c/o SANTORO WHITMIRE

GLG-30570                                                  2

       10100 W. Charleston Blvd., Suite 250
       Las Vegas, Nevada 89135
       Tel.: (702) 948-8771

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the patents at issue, along with other facts or knowledge that the witness may have which may be relevant in this action.

3. James Keller
   c/o SANTORO WHITMIRE
   10100 W. Charleston Blvd., Suite 250
   Las Vegas, Nevada 89135
   Tel.: (702) 948-8771

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the patents at issue, along with other facts or knowledge that the witness may have which may be relevant in this action.

4. Kevin Ezcell
   c/o SANTORO WHITMIRE
   10100 W. Charleston Blvd., Suite 250
   Las Vegas, Nevada 89135
   Tel.: (702) 948-8771

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the patents at issue, along with other facts or knowledge that the witness may have which may be relevant in this action.

5. Rule 30(b)(6) Witness(es) for Defendant SPECTRUM LABORATORIES, LLC
   c/o SANTORO WHITMIRE
   10100 W. Charleston Blvd., Suite 250
   Las Vegas, Nevada 89135
   Tel.: (702) 948-8771

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the allegations in the pleadings, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

6. John Acunto
   Tel.: 561-654-1213

GLG-30570       3

This witness is Defendant's former CEO and has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

7. Fran Kusala
   Address Currently Unknown

This witness is Defendant's former operations manager and has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

8. Fred Robson
   Woodstock Enterprises Inc.
   514-800-0491

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

9. Chris Swain
   Address Currently Unknown

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

10. Robert Grimm
    513 Ventures, LLC
    8190 Beechmont Ave. Suite 312
    Cincinnati, OH 45255

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

11. Kevin Stewart
    13238 Middlewood Lane
    Fishers, Indiana 46038

This witness has knowledge of or possesses documents or information concerning the facts

related to the claims or defenses asserted in this action along with other facts or knowledge that the witness may have which may be relevant in this action.

  12. Rule 30(b)(6) Witness(es) for Element Materials Technology
    9240 Santa Fe Springs Road
    Santa Fe Springs, CA 90670

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including Defendant's lab testing of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

  13. Rule 30(b)(6) Witness(es) for S & N Labs
    2021 E. Fourth Street, Suite 112
    Santa Ana, CA 92705

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including Defendant's lab testing of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

  14. Rule 30(b)(6) Witness(es) for Micro Quality Labs, Inc.
    3125 N. Damon Way
    Burbank, CA 91505

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including lab testing of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

  15. Rule 30(b)(6) Witness(es) for Chemsavers, Inc.
    287 Thistle St.
    Bluefield, VA 24605

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including certain chemical ingredients of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

16. Rule 30(b)(6) Witness(es) for Carolina Biological Supply
    2700 York Road
    Burlington, NC 27215-3398

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including certain chemical ingredients of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

17. Rule 30(b)(6) Witness(es) for MP Biomedicals
    29525 Fountain Parkway
    Solon, OH  44139

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including certain chemical ingredients of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

18. Rule 30(b)(6) Witness(es) for DS Services of America, Inc.
    200 Eagles Landing Dr.
    Lakeland, FL 33810

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the water component of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

19. Rule 30(b)(6) Witness(es) for Botanic Beauty Products Inc.
    5131 Procyon St.
    Las Vegas, NV  89118

This witness has knowledge of or possesses documents or information concerning the facts related to the claims or defenses asserted in this action, including the manufacturing and copacking of Plaintiff's XStream product, along with other facts or knowledge that such witness(es) may have which may be relevant in this action.

20. Defendant's officers, employees, agents, licensees, customers, and independent contractors regarding the allegations set forth in the pleadings.

GLG-30570

6

21. Any witnesses identified in Defendant's initial disclosures pursuant to Rule 26(a)(1), as well as any other witness disclosed or otherwise identified during the course of discovery that Defendant may use to support its counterclaims or defenses.

22. Any other persons, experts or entities identified by any party in connection with this matter.

23. Any impeachment or rebuttal witness.

24. Any custodian of records for of any entity involved in this matter, which witnesses may be required to lay appropriate foundation for admission of documents in this matter.

25. Plaintiff reserves the right to supplement this list either to add or delete witnesses in the event that subsequent discovery and/or investigation warrants the same.

26. Plaintiff reserves the right to name expert witnesses.

27. Plaintiff reserves the right to challenge any witness presented by Defendant on the basis of foundation relevance, hearsay, and other objections necessary.

**B.     DOCUMENTS**

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

1. All of the pleadings and papers on file herein and any exhibits attached thereto.

2. File wrapper histories for the patents in suit.

3. Pre-litigation correspondence between the parties.

4. Documents and things relating to the composition and manufacturing Plaintiff's XStream Product.

5. Documents and things relating to the preservation of Plaintiff's XStream Product.

6. Documents reflecting the analytics of the chemicals and ingredients in Plaintiff's XStream Product.

7. Retained samples of lots of Plaintiff's XStream Product.

8. Lab test results for Plaintiff's XStream Product.

9. Plaintiff reserves the right to amend this production at any time in which documents

GLG-30570                                                  7

become available.

10. Plaintiff reserves the right to list additional exhibits and documents in the event that subsequent discovery and/or investigation warrants the same.

11. Plaintiff reserves the right to use all documents relevant to this litigation, including, without limitation, information relevant to expert, impeachment or rebuttal witnesses.

12. Plaintiff reserves the right to submit any exhibit and/or document disclosed by Defendant.

13. Plaintiff reserves the right to submit any exhibits as may be necessary for purposes of rebuttal or impeachment.

14. Plaintiff reserves the right to use all documents identified in any pleadings or papers filed by any party in this matter. However, this reservation of rights is not a waiver of any objections Plaintiff may have to those documents.

15. Plaintiff reserves the right to use all documents identified in the course of discovery in this matter. However, this reservation of rights is not a waiver of any objections Plaintiff may have to those documents.

**C.  DAMAGES**

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Not Applicable.  However, upon prevailing against Defendant's Counterclaim, Plaintiff intends to seek a finding that this case is exceptional and seek its attorney's fees and costs under 35 U.S.C. §285.  Plaintiff cannot presently calculate the amount of such fees and costs it will seek as such fees remain ongoing and continuous until such time as judgment against Defendant is entered.

/ / /

/ / /

/ / /

**D.     INSURANCE**

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None.

Dated: May 16, 2022

                                                       Respectfully Submitted,

                                                       **GILE LAW GROUP, LTD.**

                                                       */s/ Ryan Gile*
                                                       Ryan Gile, Esq.
                                                       Nevada Bar No. 8807
                                                      **rg@gilelawgroup.com**
                                                      1180 N. Town Center Drive, Suite 100
                                                      Las Vegas, Nevada 89144
                                                      Tel. (702) 703-7288

                                                       **FISHERBROYLES, LLP**
                                                      Rob L. Phillips, Esq.
                                                      *rob.phillips@fisherbroyles.com*
                                                      Nevada Bar No. 8225
                                                      5670 Wilshire Blvd., Suite 1800
                                                      Los Angeles, California 90036
                                                      Tel. (702) 518-1239

                                                      *Attorney for Plaintiff/Counter-Defendant*
                                                      *Aim High Investment Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, I served a full, true and correct copy of the foregoing **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** via email on the following parties:

NICHOLAS J. SANTORO, ESQ.
JASON D. SMITH, ESQ.
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel.: (702) 948-8771 / Fax: (702) 948-8773
Email: nsantoro@santoronevada.com
jsmith@santoronevada.com

DAVID B. CUPAR, ESQ.
MATTHEW J. CAVANAGH, ESQ.
MCDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel.: (216) 348-5730; Fax: (216) 348-5474
Email: dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendant/Counterclaimant
Spectrum Laboratories, LLC*

                                            */s/ Ryan Gile*
                                            Employee, Gile Law Group Ltd.