# Exhibit O

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**       **(IN CHAMBERS) ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM**

## I.   **INTRODUCTION**

Before the Court is a Motion to Compel Responses to Subpoenas Duces Tecum ("Motion to Compel") filed by Plaintiff Aim High Investment Group, LLC ("Aim High"). (Dkt. No. 1, Mot. to Compel Resps. to Subpoenas Duces Tecum ("Mot.").)  Aim High moves to compel two non-parties and non-testifying experts, Element Santa Fe Springs ("Element") and S&N Labs ("S&N"), to produce documents pertaining to their laboratory testing of Aim High's urine product XStream pursuant to Federal Rules of Civil Procedure 26(b)(4)(D) and 45(c)(2).  Aim High argues disclosure is justified because Defendant Spectrum Laboratories, LLC ("Spectrum Labs") waived all protections under Federal Rule of Civil Procedure (b)(4)(D) when it partially disclosed their test results during pre-litigation discussions.  Spectrum Labs opposes, arguing waiver only applies to those documents it previously disclosed.  The Court has reviewed the parties' briefing and has heard oral arguments in this case.  Having considered the arguments, the Motion to Compel is denied.

## II.   **BACKGROUND**

Spectrum Labs produces a synthetic urine product called Quick Fix that contains two specific biocides that are covered by U.S. Patent Nos. 7,192,776 (the "'776 patent")

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

and 9,128,105 (the "'105 patent"). Aim High produces a competing synthetic urine product called XStream.

In August 2020, Spectrum Labs wrote to Aim High claiming XStream infringed on the '776 patent and '105 patent because it contained the same two biocides. (Dkt. No. 6-1, Decl. of Matthew J. Cavanagh ("Cavanagh Decl.") Ex. 1 at 6.)[1] No expert reports were attached to this letter. (See id. at 6-7.) In three separate subsequent letters, Aim High demanded that Spectrum Labs provide evidence to support its claim of infringement. (See id. Exs. 2-4.) Spectrum Labs complied with Aim High's demand and provided a one-page redacted report from S&N Labs, which showed that XStream contained the two biocides covered by the patents. (Id. Ex. 5 at 21-23.) Aim High replied, questioning the validity of S&N's testing methods and results. (Id. Ex. 6 at 25.) Aim High encouraged Spectrum Labs to conduct additional testing in a manner that would ensure the results were accurate. (Id. at 26.) Spectrum Labs again complied with Aim High's suggestion and provided results from a second lab, Element, which confirmed that XStream contains the biocides covered by the '776 patent and '105 patent. (Id. Ex. 7 at 28-163.)

Despite their discussions, the parties were unable to resolve their differences, leading Aim High to file a declaratory judgment action in the District of Nevada. See Aim High Inv. Grp., LLC v. Spectrum Laboratories, LLC, No. 2:22-cv-00158 GMN DJA (D. Nev. filed Jan. 28, 2022) (Dkt. No. 1) ("AIM High I" or "Nevada Action"). There, Aim High alleges XStream does not infringe on Spectrum Labs' patents and that the underlying patents are invalid.

After filing the Nevada Action, Aim High served subpoenas pursuant to Rule 45(a)(1)(C)[2] on S&N and Element seeking two categories of documents. (Dkt. No. 1-1, Decl. of Pl.'s Att'y, Ryan Gile, Esq. Exs. 5, 8.) The first category seeks all documents, communications, and information relating to S&N and Element's respective testing of

---

[1] Page citations refer to CM/ECF pagination.

[2] Any reference to a rule is to the Federal Rules of Civil Procedure, unless specified otherwise.

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**


Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

XStream.  (Id. Ex. 5 at 9, Ex. 8 at 9.)  The second category seeks documents that relate to S&N and Element's respective testing of third-party urine products that contain the at-issue biocides for Spectrum Labs and all related communications.  (Id.)  S&N and Element objected.  Spectrum Labs also emailed Aim High explaining that these documents were not discoverable because S&N and Element have not yet been designated as testifying experts.  (Cavanagh Decl. Ex. 10.)  Aim High nevertheless moved to compel the production of these documents in the District of Nevada.  Spectrum Labs opposed, attaching as exhibits the same test results from S&N and Element that Spectrum Labs originally produced to Aim High.  See Aim High I (Dkt. No. 25).  Aim High withdrew that motion to compel purportedly, because it was filed in the wrong district court and properly filed it in this district.  Spectrum Labs again opposes.

## III.   LEGAL STANDARD

A party may subpoena documents from a non-party that are relevant to any party's claim or defense.  See Fed. R. Civ. P. 26(b)(1), 45(a)(1)(C); see also Fed. R. Civ. P. 45 advisory committee's note to 1945 amendment to Subdivision (d) (noting the scope of discovery under Rule 45 is the same as that permitted under Rule 26).  If a non-party fails to produce responsive documents, the subpoenaing party may move to compel its production.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  On a motion to compel discovery, the moving party carries the "initial burden of demonstrating relevance."  United States v. McGraw-Hill Cos., Inc., No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).  Once relevance has been shown, the party resisting discovery bears the burden to show discovery should be disallowed and to support any objections.  Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019).

## IV.   DISCUSSION

### A.   Relevance

Aim High moves to compel S&N and Element to produce two categories of documents: (1) all documents, communications, and information relating to testing of XStream, and (2) documents that relate to testing of third-party urine products for Spectrum Labs and all related communications between them.  Here, the parties do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

dispute that the first category of documents, communications, and information relating to S&N and Element's testing of XStream is relevant to the underlying claims in the Nevada Action.  The parties do, however, argue over the relevance of the second category of documents pertaining to the third-party products.  Spectrum Labs argues these documents are irrelevant because the third-party products are not the products at issue in this case and thus irrelevant to any party's claims or defenses.  Aim High disagrees.  It contends these documents are relevant because testing of the biocides in third-party products are relevant to the credibility and reliability of S&N and Element's testing.  At the hearing, Aim High conceded these documents are not relevant to the parties' claims and defenses and are only relevant to test the credibility and reliability of S&N and Element's testing.  Having conceded that category is not relevant to the claims or defenses in this case, the Court agrees with Element Labs that these third-party testing records are not discoverable at this time.

> **B.     Waiver of Rule 26(b)(4)(D) Protection**

Considering the first category of documents are relevant, the Court turns to the parties' main dispute about whether Rule 26(b)(4)(D) protects against the disclosure of the first category of documents.  Rule 26(b)(4)(D) generally prohibits a party from discovering facts known or opinions held by a non-testifying expert that was prepared in anticipation of trial.  This rule was designed "to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation."  Walnut Creek Manor, LLC v. Mayhew Ctr., LLC, No. CV 08-6877-AHM(CTx), 2008 WL 11338242, at *2 (C.D. Cal. Nov. 14, 2008) (quoting Hollinger Int'l Inc. v. Hollinger Inc., 230 F.R.D. 508, 519 (N.D. Ill. 2005)); see also Fed. R. Civ. P. 26(b)(4)(B) advisory committee's note to 1970 amendment.  In other words, it would be unfair to allow a party to reap the benefits of another party's efforts and expense in anticipation of a trial.

With fairness in mind, a party may obtain non-testifying expert discovery only as allowed under Rule 35(b) or under exceptional circumstances.  Fed. R. Civ. P. 26(b)(4)(D)(i)-(ii).  "The party asserting the privilege has the burden of showing that the protection applies."  Animal Legal Def. Fund v. Olympic Game Farm, Inc., 335 F.R.D. 404, 405 (N.D. Cal. 2020).  After showing that the privilege applies, the party seeking production of documents carries a "heavy burden of proving exceptional circumstances"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

and the burden of proving waiver of protection under Rule 26(b)(4)(D).  Id. (citing U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC, 268 F.R.D. 614, 617 (N.D. Cal. 2010)).

Here, the parties do not dispute that Spectrum Labs can meet its initial burden of showing the information sought from the non-testifying experts was prepared in anticipation of trial.  Nor do the parties dispute that Aim High has failed to establish that exceptional circumstances exist to justify production of the requested documents.  Rather, the parties' main disagreement is about whether Spectrum Labs waived Rule 26(b)(4)(D)'s protection by disclosing portions of S&N and Element's test results to Aim High.  Aim High argues Spectrum Labs waived all protection under Rule 26(b)(4)(D) because the latter disclosed the non-testifying experts' test results during their pre-litigation discussions.  Spectrum Labs contends that it waived protection only to the test results previously disclosed.  That limited disclosure, Spectrum Labs contends, does not justify a waiver of all protections under Rule 26(b)(4)(D).

Courts are split on whether partial disclosure of a non-testifying expert's report waives all protection under Rule 26(b)(4)(D).  Few courts have found, on one hand, that partial disclosure of a non-testifying experts report waives all Rule 26(b)(4)(D) protection.  See e.g., Atari Corp. v. Sega of Am., 161 F.R.D. 417, 418-20 (N.D. Cal. 1994) (holding that disclosure of non-testifying expert's videotaped opinion justified disclosure of all documents used to form that opinion).  A significant number of courts have more recently found, however, that partial disclosure of non-testifying expert information does not justify waiving all Rule 26(b)(4)(D) protections, even when non-testifying expert information was disclosed in a judicial proceeding.  See, e.g., U.S. Inspection Servs., 268 F.R.D. at 625 (finding fairness did not justify applying a subject-matter waiver); Walnut Creek Manor, 2008 WL 11338242, at *4 (declining to apply subject-matter waiver); Hollinger Int'l, 230 F.R.D. at 521-22 (declining to extend waiver to undisclosed portions of a non-testifying expert's report, even where portions of the expert's finding had already been disclosed in an unrelated judicial proceeding); Ludwig v. Pilkington N. Am., Inc., No. 03 C 1086, 2003 WL 22242224, at *3 (N.D. Ill. Sept. 29, 2003) (noting in dicta that "if such information can be waived if disclosed, that waiver is limited to material disclosed and does not apply to material that remains undisclosed") (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:22-00011 DOC (ADSx)                    Date:  October 20, 2022

Title:  *Aim High Investment Grp., LLC v. Spectrum Labs., LLC*

Given the circumstances giving rise to the partial disclosure of S&N and Element's testing, the Court finds fairness does not justify a waiver protection under Rule 26(b)(4)(D).  In its initial correspondence with Aim High, Spectrum Labs did not unilaterally disclose S&N or Element's test results to support its claim of infringement. It was not until Aim High demanded that Spectrum Labs produce evidence to support its infringement claims on three separate occasions did Spectrum Labs produce S&N's test results.  The same is true regarding Element.  After receiving S&N's results, Aim High questioned the validity of the results and suggested that Aim High test XStream again.  In response, Spectrum Labs produced Element's test results.  It would belie fairness to allow Aim High to benefit from obtaining all records pertaining to S&N and Element's testing after Aim High induced Spectrum Labs into producing evidence to support its claim of infringement during pre-litigation discussions.  Disclosure under these circumstances would violate the very purpose of Rule 26(b)(4)(D).  The sought after documents are not discovery because they are irrelevant or protected from production pursuant to Rule 26(b)(4)(D).

## V.    **CONCLUSION**

For the above reasons, the Court denies the Motion to Compel.  (Dkt. No. 1.)  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Initials of Clerk kh