Ryan Gile, Esq.
*rg@gilelawgroup.com*
Nevada Bar No. 8807
**GILE LAW GROUP LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC, | **Case No.: 2:22-cv-00158-GMN-DJA** |
| Plaintiff/Counter-Defendant, | **GILE LAW GROUP LTD.'S *EXPEDITED* MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR AIM HIGH INVESTMENT GROUP, LLC** |
| v. | |
| SPECTRUM LABORATORIES, LLC | |
| Defendant/Counterclaimant. | |

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct 1.16, Gile Law Group, Ltd.("Gile Law Group") hereby moves this Honorable Court for an order granting leave to withdraw as counsel of record for Plaintiff/Counter-Defendant Aim High Investment Group, LLC ("Aim High") (together, the "Aim High").  This Motion is made on an **expedited basis** in order to avoid further financial burden and hardship to Gile Law Group.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GLG-30879

1

This Motion is made and based upon the Memorandum of Points and Authorities below, the Declaration of Ryan Gile, Esq. ("Gile Decl.") attached hereto as **Exhibit A**, and all of the papers and pleadings on file herein, along with any oral argument the Court may entertain on this matter.

Dated: December 8, 2023

Respectfully Submitted,

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.
Nevada Bar No. 8807
***rg@gilelawgroup.com***
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

## I.    INTRODUCTION

Good cause exists to permit Gile Law Group, Ltd. ("Gile Law Group") to withdraw as counsel of record for Aim High in this action. *See* **Exhibit A**, Gile Decl., ¶ 3. At the present time, Gile Law Group has concluded that continued representation would "result in an unreasonable financial burden" on Gile Law Group, thus giving rise to a basis for withdrawal under RPC 1.16(b)(6). *Id.*, ¶ 4.  There is still approx. seven weeks remaining in the fact discovery period and expert discovery is not scheduled to begin until May (ECF No. 106), the only tentative depositions are scheduled for late January, the Markman Hearing is presently scheduled for late February (ECF No. 107), and Aim High is currently represented by other counsel in this case[1], such that Gile Law Group's withdrawal will not result in any delays under Local Rule IA 11-6. *Id.*, ¶ 6.

Accordingly, Gile Law Group hereby moves this Honorable Court for an order granting leave to withdraw as counsel of record for Aim High Investment Group, LLC.

---

[1] Aim High is currently represented in this matter by counsel of record, Dickinson Wright PLC.

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

**Gile Law Group**
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

## II.    LEGAL ARGUMENT

### A.    Legal Standard

Rule 1.16 of the Nevada Rules of Professional Conduct ("RPC") governs termination of a lawyer's representation of her/his/its client(s), and expressly provides, in relevant part:

> Rule 1.16.    Declining or Terminating Representation.
> . . .
> (b)  Except as stated in paragraph (c), a lawyer ***may withdraw*** from representing a client if:
>
> (1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> …
>
> (5)  The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> ***(6)  The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;*** or
>
> (7)  Other good cause for withdrawal exists.
>
> (c)  A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Similarly, Rule 11-6 of the Local Rules of Practice for the United States District Court for the District of Nevada ("LR") governs the procedure to withdraw as counsel of record, and expressly provides, in relevant part:

> LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS
>
> …
>
> (b) If an attorney seeks to withdraw after appearing in a case, ***the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel.*** The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.
>
> …

GLG-30879

3

(d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.

(e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

**B.      Good Cause Exists to Permit Gile Law Group, Ltd. to Withdraw.**

RPC 1.16(b)(6) provides that a lawyer "may withdraw" when continued representation would result in "unreasonable financial burden on the lawyer."  RPC 1.16(c) provides that a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. And as set forth above, LR IA 11-6 sets forth the Court's requirements for withdrawal. Specifically, subsections (b) and (e) of LR IA 11-6 are relevant to this motion. The requirements of both subsections are satisfied, and withdrawal should be permitted.

In this case, Aim High has not paid Gile Law Group for its services for many months causing continued representation to be a financial burden.  (Gile Decl., ¶ 5).  Gile Law Group informed Aim High that this Motion would be filed based on financial hardship.  (*Id.*)

The notice requirement of LR IA 11-6 (b) is satisfied because contemporaneously with the filing of this Motion, opposing counsel and Aim High have each been properly notified of Gile Law Group's intent to withdraw, via electronic service of this Motion on opposing counsel and via both first class mail and email service of this Motion on Aim High. (Gile Decl., ¶7; *see also* Certificate of Service below).

Moreover, withdrawal can be accomplished without a material adverse effect on the interests of the client as provided under RPC 1.16(b)(1), and, with respect to LR IA 11-6(e), there will be no "delay of discovery, the trial, or any hearing in the case."  This matter is still in the discovery phase and there are approximately seven weeks remaining in the fact discovery phase and expert discovery is not scheduled to begin until May 30, 2024.  (Gile Decl., ¶ 6; *see also* ECF No. 106).  Expert discovery closes July 29, 2024, with dispositive motions due August 28, 2024. (ECF No. 106).  The Markman hearing is not scheduled to be held until February 22, 2024 (ECF

No. 107).  Spectrum has tentatively scheduled depositions for the week of January 22nd – nearly 45 days from the filing of this Motion. (Gile Decl., ¶ 6).  Moreover, Aim High is currently represented by another law firm in this matter (Dickinson Wright PLC).  (*Id.*).

For these reasons, Gile Law Group's withdrawal may be accomplished without adversely impacting Aim High's ability to continue litigating the lawsuit.

## III.     CONCLUSION

Based upon the foregoing, good cause exists to permit Gile Law Group to withdraw as counsel of record for Aim High Investment Group, LLC in this action. Continued representation "will result in an unreasonable financial burden on the lawyer" as provided under Nevada Rule of Professional Conduct 1.16.  There remains approximately seven weeks in the fact discovery phase, expert discovery is not scheduled to begin until May 30, 2024, the Markman hearing is not scheduled to be held until February 22, 2024, the only tentative depositions are scheduled to be held the week of January 22nd, and Aim High continues to be represented by other counsel in this matter, and so withdrawal will not result in any delays under LR IA 11-6.

Accordingly, for the reasons set forth above, Gile Law Group, Ltd. respectfully requests that this Court grant its Expedited Motion to Withdraw as Counsel of Record for Aim High Investment Group, LLC.

Dated: December 8, 2023

Respectfully Submitted,

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.
Nevada Bar No. 8807
***rg@gilelawgroup.com***
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

I hereby further certify that on December 8, 2023, I served a full, true and correct copy of the foregoing document via email and First Class U.S. Mail on Plaintiff/Counter-Defendant Aim High Investment Group, LLC:

> Michael Salame, Manager
> Aim High Investment Group, LLC
> 4980 Statz St., Unit 120
> N. Las Vegas, NV 89081
> Michael@highvoltagedetox.com

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.

Gile Law Group
1180 N. Town Center Dr. Suite 100
Las Vegas, NV 89144

GLG-30879