JAMES K. CLELAND
*(Admitted Pro Hac Vice)*
**DICKINSON WRIGHT PLLC**
350 S. Main Street, Suite 300
Ann Arbor, MI 48104,
JCleland@dickinsonwright.com
Tel: 734-436-7356

BRADY A. BATHKE
Nevada Bar No. 16191
**DICKINSON WRIGHT PLLC**
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
BBathke@dickinsonwright.com
Tel: 702-550-4418

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SPECTRUM LABORATORIES, LLC <br><br> Defendant/Counterclaimant. | Case No.: 2:22-cv-00158-GMN-DJA <br><br> **DICKINSON WRIGHT PLLC'S** *EXPEDITED* **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR AIM HIGH INVESTMENT GROUP, LLC** |

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct, Dickinson Wright PLLC ("Dickinson Wright") hereby moves this Court for an Order granting leave to withdraw as counsel of record for Plaintiff/Counter-Defendant Aim High Investment Group, LLC ("Aim High"). This Motion is made on an **expedited basis** in order to avoid further financial burden and hardship to Dickinson Wright, as well as provide Aim High sufficient time to locate and retain new counsel given the approaching discovery deadlines without adversely impacting Aim High's interests.

1

This Motion is made and based upon the Memorandum of Points and Authorities below, the Declaration of James K. Cleland, Esq. ("Cleland Decl.") attached hereto as **Exhibit A**, and all of the papers and pleadings on file herein, along with any oral argument the Court may entertain on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Good cause exists to permit Dickinson Wright to withdraw as counsel of record for Aim High in this action. (*See* Exhibit A, Cleland Decl., ¶ 3.) Aim High has failed substantially to fulfill an obligation to Dickinson Wright regarding Dickinson Wright's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, thus giving rise to a basis for withdrawal under RPC 1.16(b)(5). (*Id.*, ¶ 4.) Dickinson Wright's continued representation of Aim High would "result in an unreasonable financial burden" on Dickinson Wright, thus giving rise to a basis for withdrawal under RPC 1.16(b)(6). (*Id.*, ¶ 4.) There are still over six weeks remaining in the fact discovery period and expert discovery is not scheduled to begin until May 30, 2024 (ECF No. 106). (*Id.*, ¶ 6.) Further, the only pending depositions are tentatively scheduled for late January, and the Markman Hearing is presently scheduled for late February (ECF No. 107). (*Id.*)

Accordingly, Dickinson Wright hereby moves this Court for an order granting leave to withdraw as counsel of record for Aim High Investment Group, LLC.

### II. LEGAL ARGUMENT

**A. Legal Standard**

Rule 1.16 of the Nevada Rules of Professional Conduct ("RPC") governs termination of a lawyer's representation of her/his/its client(s), and expressly provides, in relevant part:

> Rule 1.16. Declining or Terminating Representation.
> …
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
> …

2

>   (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>   (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>   (7) Other good cause for withdrawal exists.
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Similarly, Rule IA 11-6 of the Local Rules of Practice for the United States District Court for the District of Nevada ("LR") governs the procedure to withdraw as counsel of record, and expressly provides, in relevant part:

> **LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS**
>
> …
> (b) If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.
> …
> (d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.
> (e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

**B.      Good Cause Exists to Permit Dickinson Wright PLLC to Withdraw**

RPC 1.16(b)(5) provides that a lawyer may withdraw when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services", and RPC 1.16(b)(6) provides that a lawyer "may withdraw" when continued representation would result in "unreasonable financial burden on the lawyer." Moreover, RPC 1.16(c) provides that a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. And as set forth above, LR IA 11-6 sets forth the Court's requirements for

withdrawal. Dickinson Wright satisfies the requirements of both subsections (b) and (e) of LR IA 11-6, and withdrawal should be permitted.

Dickinson Wright seeks this motion on an expedited basis in order to avoid further financial burden and hardship to Dickinson Wright, as well as provide Aim High sufficient time to locate and retain new counsel given the approaching discovery deadlines without adversely impacting Aim High's interests. In this case, Aim High has not paid Dickinson Wright for its services for at least six (6) months causing continued representation to result in an unreasonable financial burden on Dickinson Wright as provided under Nevada Rule of Professional Conduct 1.16. (Cleland Decl., ¶ 5). Even that payment only addressed a small portion of outstanding fees at the time. (*Id.*) While Dickinson Wright attempted to work with Aim High to obtain payment and put into place a payment plan for both past and future fees and costs, Aim High would not agree to or commit to making any payments. (*Id.*) Dickinson Wright accordingly informed Aim High that this Motion would be filed based on financial hardship. (*Id.*) The notice requirement of LR IA 11-6 (b) is satisfied because contemporaneously with the filing of this Motion, opposing counsel and Aim High have each been properly notified of Dickinson Wright's intent to withdraw, via electronic service of this Motion on opposing counsel and via both first class mail and email service of this Motion on Aim High. (*Id.*, ¶ 7; *see also* Certificate of Service below).

Moreover, withdrawal can be accomplished without a material adverse effect on the interests of Aim High as provided under RPC 1.16(b)(1), and, with respect to LR IA 11-6(e), there should be no "delay of discovery, the trial, or any hearing in the case." This matter is still in discovery, and there are still over six weeks remaining in the fact discovery period. (Cleland Decl., ¶ 6; *see also* ECF No. 106). Expert discovery is not scheduled to begin until May 30, 2024, and expert discovery closes July 29, 2024, with dispositive motions due August 28, 2024. (ECF No. 106). The *Markman* Hearing is not scheduled to be held until February 22, 2024 (ECF No. 107). Spectrum has tentatively scheduled depositions for the week of January 22, 2024. (Cleland Decl., ¶ 6.) Those depositions were scheduled by former co-counsel for Aim High, Ryan Gile, who just recently withdrew from this case due to Aim High's failure to pay as well. (*Id.*, ¶ 6.) The Court should allow Dickinson Wright to withdrawal as counsel of record for Aim High in

4

this action to avoid further financial burden and hardship to Dickinson Wright, as well as provide Aim High sufficient time to locate and retain new counsel given the approaching discovery deadlines without adversely impacting Aim High's interests. *See Williams v. Bikini.com, LLC*, No. 222CV00864CDSDJA, at *1-*2 (D. Nev. Nov. 30, 2023).

Based upon the foregoing, good cause exists to permit Dickinson Wright to withdraw as counsel of record for Aim High Investment Group, LLC in this action.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, Dickinson Wright respectfully requests that this Court grant its **Expedited** Motion to Withdraw as Counsel of Record for Aim High Investment Group, LLC.

DATED: December 14, 2023.          Respectfully Submitted,

**DICKINSON WRIGHT PLLC**

*/s/Brady A. Bathke*
JAMES K. CLELAND
*(Admitted Pro Hac Vice)*
350 S. Main Street, Suite 300
Ann Arbor, MI 48104,
JCleland@dickinsonwright.com
Tel: 734-436-7356

BRADY A. BATHKE
Nevada Bar No. 16191
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
BBathke@dickinsonwright.com
Tel: 702-550-4418

*Attorney for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

I hereby further certify that on December 14, 2023, I served a full, true and correct copy of the foregoing document via email and First Class U.S. Mail on Plaintiff/Counter-Defendant Aim High Investment Group, LLC:

Michael Salame, Manager
Aim High Investment Group, LLC
4980 Statz St., Unit 120
N. Las Vegas, NV 89081
Michael@highvoltagedetox.com

　　　　　　　　　　　　　　　　　　*/s/ Ashley B. Moretto*
　　　　　　　　　　　　　　　　　　An Employee of Dickinson Wright PLLC