UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>SPECTRUM LABORATORIES, LLC,<br><br>　　　　　　Defendant.<br>_____<br>SPECTRUM LABORATORIES, LLC,<br><br>　　　　　　Counter-Claimant,<br>vs.<br><br>AIM HIGH INVESTMENT GROUP, LLC,<br><br>　　　　　　Counter-Defendant. | Case No.: 2:22-cv-00158-GMN-DJA<br><br>**ORDER DENYING<br>AIM HIGH'S OBJECTION** |

　　　Pending before the Court is Plaintiff and Counter-Defendant Aim High Investment Group's ("Aim High's") Objection/Appeal, (ECF No. 91), to the Magistrate Judge's Orders, (ECF Nos. 86, 89), denying Aim High's Motion to Compel Discovery (ECF No. 45). Defendant and Counter-Claimant Spectrum Laboratories ("Spectrum") filed a Response, (ECF No. 94), to the Objection.

　　　Because Aim High fails to establish that the Magistrate Judge's Order was clearly erroneous or contrary to law, the Court **DENIES** Aim High's Objection.[1]

///

---

[1] ECF No. 86 is the Magistrate Judge's sealed order, and ECF No. 89 is the redacted version. For simplicity, this Order will refer to them as one order, in the singular.

I. **BACKGROUND**

This action arises from a patent infringement dispute based on Spectrum's patented synthetic urine formulas. (*See generally* Compl., ECF No. 1). The patents center on a formula containing biocides added to minimize bacteria growth in the mixture, thus preserving the shelf life of the synthetic urine. (*Id.* ¶ 2). Before litigation began, Spectrum sent a letter to Aim High alleging that the XStream product infringed two of its Patents. (*Id.* ¶ 11). In response, Aim High denied the allegation and requested lab tests demonstrating infringement. (Correspondence, Exs. A-C to Resp. to Mot. Compel, ECF Nos. 51-1, 51-2, 51-3). Spectrum provided a redacted report from S&N Laboratories, stating that the report was disclosed "without any waiver of privilege or work-product." (Confidential Letter, Ex. D to Resp. Mot. Compel, ECF No. 51-4). Aim High challenged the authenticity of the report, so Spectrum sent Aim High a report from a second lab, Element Laboratories. (Letter and Element Report, Ex. 2 to Mot Compel, ECF No. 45-3). Aim High reviewed the correspondence and lab reports, and then brought a claim for declaratory judgment that its XStream product does not infringe on Spectrum's patents. (Compl. ¶ 1). Spectrum counter-claimed for injunctive relief and damages, alleging that the XStream product did infringe. (Counterclaim, ECF No. 7).

A.  **Related Litigation in California**

In the United States District Court for the Central District of California, Aim High issued subpoenas to S&N and Element. (Subpoenas, Exs. 9-10 to Resp. to Mot. Compel, ECF No. 51-9, 51-10). The subpoenas requested undisclosed documents and communications relating to any chemical testing of XStream or testing of third-party products done for the purpose of detecting a biocide. (*Id.*). Both labs objected on work-product grounds as to XStream, and work-product and irrelevance as to the third-party products. (Opp. to CA Mot. Compel, Ex. 10 to Mot. Compel, ECF No. 45-11).

///

Aim High moved to compel the documents. (CA Mot. Compel, Ex. 9 to Mot. Compel, ECF No. 45-10). Aim High's Motion argued the labs should be ordered to comply with the subpoenas because Spectrum produced the reports in pre-litigation correspondence and "expressly referenced the Element lab report as a document Spectrum was relying on to support its claims." (*Id.* 3:11–19). Aim High also pointed out that Spectrum listed the Element report in its initial disclosures. (*Id.* 5:17–18).

Spectrum, S&N, and Element opposed the motion to compel because (1) an expert does not waive work-product for undisclosed documents unless and until they are designated as the testifying expert and produce a report, and (2) the testing of third-parties was irrelevant. (Resp. at 4, ECF No. 94) (Opp. to CA Mot. Compel at 4–5, Ex. 10 to Mot. Compel). The California Magistrate Judge ruled in Spectrum's favor. (*See generally* Order, Ex. 12 to Mot. Compel, ECF No. 45-13). The Magistrate Judge determined that Federal Rule of Civil Procedure 26(b)(4)(D), which prohibits a party from discovering facts known or opinions held by a non-testifying expert retained in anticipation of litigation or preparation for trial, protected the labs from compliance with Aim High's subpoena. (*Id.* at 5–6). The protection was not waived simply because Spectrum provided the reports to Aim High during pre-litigation discussions. (*Id.*).

Aim High objected to the portion of the California Judge's Denial of compelled responses relating to Element's testing of XStream. (CA Obj. at 2, Ex. 13 to Mot. Compel, ECF No 45-14). Aim High argued that Spectrum's citing of the Element test in its counterclaim constituted a waiver of the work-product privilege and that the Magistrate Judge overlooked Spectrum's initial disclosures and counterclaim citations to Element's lab test. (*Id.* at 2, 8). As of the date of this Order, the District Judge in the Central District of California has not yet ruled on Aim High's objection.

///

### B. Magistrate Judge Albregts' Denial of Aim High's Motion to Compel

Aim High then filed another motion to compel Spectrum to respond to Aim High's Interrogatories Nos. 2–6 and Requests for Production Nos. 2–6 in this case. (Mot. Compel at 2, ECF No. 45). Magistrate Judge Albregts determined that Aim High's questions sought "information like that which Aim High sought from Element and S&N." (MJ Order 5:1–6:1, ECF No. 89). In its NV Motion to Compel, Aim High made many similar arguments, such as that Spectrum waived the work-product privilege by citing the Element lab test in its counterclaim, and that Spectrum provided false information to the California Magistrate Judge by stating that it only used the reports for settlement discussions and not to prove infringement. (*Id.* 6:5–12).

Magistrate Judge Albregts denied Aim High's Motion to Compel as "premature" because of Aim High's pending objection before the United States District Court for the Central District of California, citing *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966 (9th Cir. 2011). (*Id.* 2:1–4). In *R.R. Street*, the Ninth Circuit explained that "courts usually avoid duplicative litigation when similar cases are pending in two different federal courts," and that "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." 656 F.3d at 974–75, 979.

The Magistrate Judge explained, because Aim High's discovery requests to Spectrum raise similar issues to the issues currently before the California District Court, the California decision would "alter the scope of Aim High's requests." (MJ Order 2:14). He also noted that Aim High made the same arguments in its NV Motion to Compel that it made in its objections to the California Magistrate Judge's Order. (*Id.* 7:11–15). "And if this Court were to find that Spectrum must respond to Aim High's discovery requests, but the California court were to find that S&N and Element need not provide that same information, it could create a problematic contradiction." (*Id.* 7:12–15). Aim High now appeals this Order. (Obj., ECF No. 91).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

The Court finds that Aim High fails to establish that the Magistrate Judge's Order was clearly erroneous or contrary to law. Aim High's primary contention is that the underlying Order is clearly erroneous because it is based on an alleged overlap with a ruling derived from incorrect facts and false statements. (Obj. 1:13–16). Aim High claims that Spectrum falsely asserted to the California Magistrate Judge that it was not relying on the lab reports to support its counterclaims and infringement contentions. (*Id.* 3:15–19). Thus, Aim High contends, the California Magistrate Judge only evaluated the reports as being produced during "prelitigation discussions," and did not consider Spectrum's reliance on the reports in its counterclaims. (*Id.* 5:19–6:2). Spectrum argues that its alleged "lie" was taken out of context, because it was only explaining that it had not yet chosen, at that stage of litigation, which expert reports and

chemical testing would be used to offensively prove infringement. (Resp. at 10–11, ECF No. 94).

But regardless of what Spectrum represented to the California Magistrate Judge, Aim High's California Objection argues that because Spectrum cited the lab results in its counterclaim, it waived the work-product privilege.  And Aim High's California Motion to Compel explained that Spectrum referenced the lab reports as a document it was relying on to support its claims. (*See* CA Mot. Compel 3:11–19, Ex. 9 to Mot. Compel).  So, the Central District of California will resolve the issue regarding the way in which Spectrum will use the reports and whether that use impacts waiver.  As Magistrate Judge Albregts pointed out, Aim High made the same arguments in its NV Motion to Compel that it made in its objections to the California Magistrate Judge's Order. (MJ Order 7:11–15).  Thus, it was not clearly erroneous for Magistrate Judge Albregts to find a sufficient overlap with ongoing proceedings in the Central District of California.

Aim High further argues that the Magistrate Judge clearly erred by failing to grant "relief on discovery requests that do not overlap or only partially overlap with the limited third party requests that are the subject of the California subpoena proceeding." (Obj. 16:3–13).  Aim High claims the Magistrate Judge should have allowed certain requests for production and interrogatories relating to information that only Spectrum would have in its control, as well as information concerning all third-party testing of its XStream Product and biocides. (*Id.* 16:15–18:22).  But almost all, if not all, of Aim High's requests might involve answers relating to the S&N and Element lab reports.  For that reason, Aim High's disagreement with the Magistrate Judge's decision is not sufficient to find the Order clearly erroneous or contrary to law.

Aim High's additional argument, that "the discovery requests to Spectrum are not duplicative of the discovery requests to third parties because party discovery obligations differ from non-party discovery obligations," is similarly insufficient. (*See id.* 19:20–23).  Though

Plaintiff is generally correct that discovery obligations between parties and non-parties differ, the argument in unpersuasive in this case where Plaintiff's subpoena to third parties and potential waiver is currently being decided by a different federal court.  Plaintiff's cited cases arise from distinguishable facts, and neither case involves the issue of a third-party subpoena in another court. *See Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, No. 2:18-cv-00862-MMD-NJK, 2020 WL 4431498, at *3 (D. Nev. July 31, 2020) (holding that it is not unreasonably cumulative or duplicative for the defendants to request documents from a third-party, even though plaintiff had already subpoenaed the same documents); *Photography By Frank Diaz LLC v. Friends of David Schweikert*, No. CV-22-01170-PHX-JAT, 2023 WL 3078664, at *4 (D. Ariz. Apr. 25, 2023) (determining discovery was not cumulative or duplicative when defendants were likely to have more complete responses as to their own correspondence than non-parties, and when there was no guarantee the third party retained all message communications).

Aim High also attempts to distinguish this case from *R.R. Street* because the Ninth Circuit case involved two separate complaints; here, the California court proceeding was a *subpoenas duces tecum* served on Element and S&N due to their XStream product testing. (Obj. 19:9–14).  Aim High fails to cite relevant case law demonstrating that this distinction is an important one.

The Court does not have a definite and firm conviction that Judge Albregts committed a mistake by denying Aim High's Motion to Compel without prejudice because of the relevant and ongoing discovery proceeding in California.  Magistrate Judge Albregts is to be afforded broad discretion, and Aim High's general disagreement with this Order does not mean that this Court can, or should, substitute its own judgment.  Accordingly, the Court DENIES Aim High's Objection.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Aim High's Objection/Appeal, (ECF No. 91), is **DENIED**.

**DATED** this __14__ day of February, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT