UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Aim High Investment Group, LLC, | Case No. 2:22-cv-00158-GMN-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Spectrum Laboratories, LLC, | |
| Defendant. | |
| And related counterclaims. | |

On January 5, 2024, the Court granted Aim High Investment Group, LLC's counsel's motion to withdraw. (ECF No. 114). The Court gave Aim High until January 19, 2024 to file a status report regarding its retention of counsel. (*Id.*). When Aim High missed that deadline, the Court held a show cause hearing at which it ordered Aim High to retain counsel on or before March 21, 2024, and, if Aim High could not retain new counsel by that time, to notify the Court of its efforts to retain counsel. (ECF No. 120). Aim High again missed its deadline. On April 1, 2024, the Court entered another order to show cause:

> Aim High must show cause by filing a response to this order on or before **April 22, 2024** explaining why the Court should not issue and/or recommend sanctions for Aim High's failure to comply with Court orders and appear in this case through counsel…**failure to comply with this order may result in a recommendation of sanctions to the district judge.**

(ECF No. 124) (emphasis in original).

Aim High's manager filed a response to the order to show cause on April 19, 2024. (ECF No. 125). Spectrum Laboratories, LLC also filed a response, arguing that Aim High had not shown just cause for its delays or failure to follow Court orders. (ECF No. 126). The Court ultimately accepted Aim High's response and gave Aim High until May 28, 2024 to retain counsel, warning that "[f]**ailure to comply with this order may result in the recommendation**

**of sanctions to the district judge.**" (ECF No. 127) (emphasis in original). Aim High again missed its deadline and, on June 4, 2024, Spectrum filed a notice of Aim High's non-compliance. (ECF No. 128). In the nearly three months since Aim High's deadline to retain counsel passed, Aim High has not filed anything further in this case.

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action for failure of a party to prosecute the case or follow court orders. Fed. R. Civ. P. 41(b); *see Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986). Default judgment is the converse of a dismissal for failure to prosecute. *See Lal v. California*, 610 F.3d 518, 524-25 (9th Cir. 2010). District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986); *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissing Aim High's claims and entering default in favor of Spectrum on Spectrum's counterclaims against

Aim High. Aim High has delayed these proceedings and required the Court to monitor its case far more closely than others that proceed without Court involvement. The third factor, risk of prejudice to Spectrum, also weighs in favor of dismissal because a presumption of injury arises from a party's unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Additionally, one of Spectrum's allegations is that Aim High is infringing on its trademark and profiting from the infringement. (ECF No. 7). So, the longer that the case proceeds without any resolution, the more Spectrum's alleged injuries accrue. The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. This case cannot proceed to a disposition on its merits if Aim High has completely disengaged from it.

Finally, a Court's warning to a party that its failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court has repeatedly cautioned Aim High that failure to comply with Court orders and appear via counsel would result in the recommendation of sanctions. Aim High had adequate warning that dismissal could result from its noncompliance with the Court's orders. And, given Aim High's refusal to comply with Court orders, there are no lesser sanctions that would guarantee Aim High's involvement in this action. The Court could sanction Aim High monetarily, but Aim High has already demonstrated a propensity to violate Court orders and is not likely to follow one requiring it to turn over money to its opponent. Similarly, evidentiary sanctions are useless if Aim High refuses to participate in this case in any capacity. The Court thus recommends dismissal of Aim High's claims without prejudice[1] and entering default in favor of Spectrum.

---

[1] The Court recommends dismissal without prejudice because it is the less drastic sanction. *See* Federal Rule of Civil Procedure 41(b) (explaining that "[u]nless the dismissal order states otherwise, a dismissal under his subdivision…operates as an adjudication on the merits"); *see Stone v. City of Tucson*, 249 F.R.D. 326, 328 (D. Ariz. Feb. 27, 2008) (dismissing a case without prejudice under Rule 41(b) because " a dismissal with prejudice would be unnecessarily harsh as this action can be dismissed without prejudice pursuant to Rule 41(b)"); *see Bernal v. Barr*, No. cv-20-01164-PHX-MTL (CDB), 2020 WL 8673611, at *2 (D. Ariz. July 24, 2020) ("the less drastic alternative of dismissal without prejudice is available and appropriate in this

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Aim High's claims against Spectrum be **dismissed without prejudice** and that the Clerk's Office **enter default** against Aim High on Spectrum's counterclaims. The Clerk's Office is kindly directed to **send** a copy of this report and recommendation to Aim High at the below address:

**Aim High Investment Group, LLC**

Attn: Michael Salame, Manager

4980 Statz St., Unit 120

North Las Vegas, NV 89081

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 27, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

instance…this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure").