NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
SPENCER FANE LLP
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:   (702) 408-3400
Facsimile:    (702) 408-3401
E-mail: nsantoro@spencerfane.com; jdsmith@spencerfane.com

DAVID B. CUPAR (Admitted *Pro Hac Vice*)
MATTHEW J. CAVANAGH (Admitted *Pro Hac Vice*)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone:    (216)348-5730
Facsimile:     (216)348-5474
E-Mail: dcupar@mcdonaldhopkins.com, mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant and Counterclaimant
SPECTRUM LABORATORIES, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC, | )<br>)<br>) Case No.: 2:22-cv-00158-GMN-DJA |
| Plaintiff, | )<br>) |
| v. | ) **ORDER GRANTING DEFENDANT/** |
| | ) **COUNTERCLAIMANT'S MOTION** |
| SPECTRUM LABORATORIES, LLC | ) **FOR DEFAULT JUDGMENT** |
| Defendant. | ) |
| SPECTRUM LABORATORIES, LLC, | ) |
| Counter-Claimant, | ) |
| v. | ) |
| AIM HIGH INVESTMENT GROUP, LLC, | ) |
| Counter-Defendant. | ) |

1

Pending before the Court is defendant/counterclaimant Spectrum Laboratories, LLC's ("Spectrum") motion for default judgment with monetary relief against plaintiff/counter-defendant Aim High Investment Group, LLC ("Aim High"). Spectrum's motion for default judgment requests that the Court enter default judgment awarding Spectrum reasonable royalty damages of $8,947,655, a doubling of that award to $17,895,310 as enhanced damages under 35 U.S.C. § 284, and $405,700 in reasonable attorneys' fees for a total monetary judgment of $18,301,010. After reviewing Spectrum's motion and the record, the Court finds that Spectrum's requested relief is appropriate and grants Spectrum's motion for default judgment and monetary relief.

## BACKGROUND

On January 28, 2022, Aim High filed a complaint with this Court for a declaratory judgment that Aim High does not infringe any valid claim of Spectrum's U.S. Patent No. 7,192,776 (the "'776 Patent") and U.S. Patent No. 9,128,105 (the "'105 Patent" and together with the '776 Patent, the "Patents-in-Suit") and for a declaratory judgment that the claims of the Patents-in-Suit are invalid. (ECF No. 1.) On March 14, 2022, Spectrum answered Aim High's complaint and counterclaimed that Aim High had infringed both of the Patents-in-Suit. (ECF No. 7.) Aim High answered Spectrum's counterclaims on April 4, 2022, and the parties subsequently engaged in discovery and motion practice. (ECF No. 14.)

Aim High's attorneys withdrew in December 2023. (ECF Nos. 110, 112, 114.) Because a limited liability company must be represented by counsel and cannot represent itself *pro se*, this Court repeatedly ordered Aim High to engage new counsel. (ECF Nos. 114, 116, 120, 124, 127, 129.) Aim High violated these Court orders that required Aim High to engage counsel to represent it in this litigation. (*See* ECF Nos. 114, 115, 116, 120, 124, 126, 128, 129, 130.) As a result, the Court entered default against Aim High on September 20, 2024. (ECF Nos. 130, 132.) In the Court's September 20, 2024, Minute Order, the Court allowed Spectrum until November 18, 2024, to "file a motion addressing damages and inform the court of any further relief requested." (ECF No. 131.) On October 20, 2024, Spectrum filed its motion for default judgment

with monetary relief against counter-defendant Aim High. (ECF No. 135.) Aim High never opposed or responded to Spectrum's October 20, 2024, motion, despite being served under Fed. Civ. R. 5.

## LEGAL STANDARD

When a party to litigation has abandoned the case and default has entered, the factual allegations in the opposing party's claims or counterclaims are deemed admitted. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). This includes allegations of willful misconduct. *See Rio*, 284 F.3d at 1023.

Under the Patent Act, the Court may enhance damages up to three times compensatory damages. *See* 35 U.S.C. § 284; *see also SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). When there is willful infringement, the Court has discretion to enhance damages up to three times compensatory damages. *See id.* at 1330.

The Patent Act further specifies that courts may award attorneys' fees to the prevailing party in an "exceptional" case. 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts must apply a "case-by-case exercise of their discretion, considering the totality of the circumstances" to decide whether a case is fee-worthy. *Id.*

## DISCUSSION

**I.  Default judgment is appropriate on Spectrum's counterclaims.**

Because Aim High has abandoned the case and default has entered, the factual allegations in Spectrum's counterclaim are deemed admitted. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). Spectrum's counterclaims properly state a claim for relief for infringement of the Patents-in-Suit. (ECF No. 7.) Aim High violated multiple Court orders to obtain counsel, resulting in the Court's entry of default on Spectrum's counterclaims, and Aim High has still not retained counsel, provided valid excuse, or evidenced any excusable neglect for its repeated

3

failures to comply with the Court's orders. Due to Aim High's failure to obtain counsel or comply with the Court's orders, Spectrum is unable to obtain relief for its counterclaims except through the granting of default judgment in its favor. The Court therefore grants Spectrum's motion for default judgment as to Aim High's liability for Count 1, Aim High's infringement of the '776 Patent, and Count 2, Aim High's infringement of the '105 Patent.

**II.  Spectrum's asserted royalty rate is reasonable and Aim High's sales records substantiate the compensatory damages asserted by Spectrum.**

In a patent case, the Court must award damages "in no event less than a reasonable royalty." 35 U.S.C. § 284. It states:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

*Id.*

Here, Spectrum asserts in its motion that the Court should apply a reasonable royalty of $2.50 per infringing unit sold. This was the royalty figure that Spectrum's damages expert, David Haas, testified to in a similar patent infringement case. (ECF No. 135-1, ¶ 17.) That case involved a defendant who sold a competing synthetic urine product that infringed Spectrum's '776 patent—one of the two patents Spectrum asserts Aim High infringed in the present case. The Court finds that $2.50 per infringing unit is a reasonable royalty rate for the assessment of damages for Aim High's infringement of the Patents-in-Suit.

Aim High produced sales records during discovery in this action before it defaulted. (ECF No. 135-1, ¶ 14.) Those sales records show that Aim High sold 3,579,063 units of the infringing product. (*Id.* ¶ 15.) Thus, simple arithmetic calculates total reasonable royalty damages of = $8,947,657.50 (3,579,063 units x $2.50 / unit). (*Id.* ¶ 19.) The Court finds that an award to Spectrum of $8,947,657.50 in compensatory damages is well-founded and appropriate.

**III.  An award of enhanced damages is appropriate under the circumstances.**

The factual allegations in Spectrum's counterclaims that are deemed admitted include Spectrum's allegations that Aim High willfully infringed the Patents-in-Suit (ECF No. 7.)

4

Spectrum also asserts in its motion for default judgment that the Court should exercise its discretion to double the damages because of Aim High's vexatious and bad faith litigation conduct, including abandoning the case Aim High had itself initiated against Spectrum and violating multiple Court orders requiring Aim High to engage counsel. (ECF No. 135.) The Court finds that such litigation misconduct, paired with willful infringement, justifies an enhanced damage award of twice the compensatory award.

**IV. An award of Spectrum's attorney's fees is appropriate under the circumstances and Spectrum's requested attorney's fees are reasonable and well-founded.**

Spectrum sought attorney's fees in its counterclaims (ECF No. 7) and now seeks them in its motion for default judgment (ECF No. 135.) The U.S. Supreme Court has explained that an "'exceptional' case, such as to justify an award of attorney's fees, is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554. Based upon the record before it, including Spectrum's allegations of willful infringement that are deemed admitted, the Court finds that an award of attorney's fees is appropriate in the present case.

The Court likewise finds that the attorney's fees sought by Spectrum are reasonable. "Reasonable attorney's fees are based on the 'lodestar' calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *Alternative Petroleum Techs. Holdings Corp. v. Grimes*, No. 3:20-cv-00040-MMD-CLB, 2022 WL 3748863, at *7 (D. Nev. July 25, 2022). To perform that calculation, the "Court must first determine a reasonable fee by multiplying 'the number of hours reasonably expended on the litigation' by a 'reasonable hourly rate.'" *Id.*, *quoting Hensley*, 461 U.S. at 433. "Next, the Court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation." *Id.*

Spectrum details its attorney's fees in its motion for default judgment and the attached declaration of Matthew J. Cavanagh. (ECF Nos. 135, 135-1.) The Court finds that the fees

charged by Spectrum's attorneys are reasonable and that the number of hours expended by Spectrum's attorneys are justified given the nature of the issues involved. Having analyzed the *Kerr* factors, the Court finds that they do not justify a modification of the lodestar calculation in this case. Therefore, the Court finds that an award of Spectrum's attorney's fees is appropriate under the circumstances and that Spectrum's $405,700 of legal fees are reasonable under the circumstances.

## CONCLUSION

The Court finds that $8,947,657.50 in compensatory damages against Aim High is appropriate and well-founded, that the willful infringement and litigation conduct of Aim High justifies a doubling of those compensatory damages, and that the award of attorney's fees to Spectrum in the amount of $405,700 is appropriate and reasonable under the circumstances.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Spectrum's motion for default judgment (ECF No. 135) is **GRANTED** with monetary relief of $18,301,010 in Spectrum's favor.

Dated this __3__ day of June, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court