# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Aim High Investment Group, LLC, | Case No. 2:22-cv-00158-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Spectrum Laboratories, LLC, | |
| Defendant. | |
| And related cross claims. | |

Defendant/Cross-Claimant/Judgment Creditor Spectrum Laboratories, LLC filed a motion for a judgment debtor exam. (ECF No. 148). Spectrum explains that a judgment was entered in its favor on June 10, 2025. Spectrum asks that the Court order Michael Salame—the manager for Plaintiff/Cross-Defendant/Judgment Debtor Aim High Investment Group, LLC—to appear for a judgment debtor exam. Spectrum requests that the exam be held at the law offices of Hutchison & Steffen, PLLC, Peccole Professional Park, 10080 W. Alta Dr., Suite 200, Las Vegas, NV 89145 on September 26, 2025, at 10:00 a.m. Spectrum further requests that Salame be required to produce documents relevant to the exam on or before the close of business on September 24, 2025, by delivering those documents by hand to the law offices of Hutchison & Steffen, PLLC, Peccole Professional Park, 10080 W. Alta Dr., Suite 200, Las Vegas, NV 89145. Finally, Spectrum requests that the Court prohibit Salame from disposing of any of Aim High's property not exempt from execution prior to the time scheduled for his judgment debtor exam.

Under Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution,

the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Under Nevada Revised Statue 21.270, a judgment creditor is "entitled" to an order from the judge requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property. *See* NRS 21.270(1). However, "[n]o judgment debtor may be required to appear outside the county in which the judgment debtor resides." NRS 21.270(1). The order may require the judgment debtor to appear before "[t]he judge or a master appointed by the judge; or…[a]n attorney representing the judgment creditor." NRS 21.270(1). If the judgment debtor appears before any person other than a judge or master, "[t]he oath or affirmation of the judgment debtor must be administered by a notary public," and "[t]he proceedings must be transcribed by a court reporter or recorded electronically. The transcript of the recording must be preserved for 2 years." NRS 21. 270(2). Finally, the failure of a party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. *See* LR 7-2(d).

Here, the Court will grant Spectrum's motion in part and deny it in part. It grants it in part regarding Spectrum's request for a judgment debtor exam. It also grants in part Spectrum's request that the Court prohibit Salame from disposing of any of Aim High's property not exempt from execution prior to the time scheduled for his judgment debtor exam. *See Guinn v. Federal Deposit Insurance Corporation*, No. 2:-09-cv-01809-PMP-CWH, 2013 WL 12315965, at *1-2 (D. Nev. June 3, 2013) (granting a judgment creditor's request that the court order the judgment debtors not to dispose of, transfer, or conceal any property not exempt from execution).

However, with respect to Spectrum's request that the Court order Salame to produce documents, the Court declines to order such relief at this time. "[A]bsent a showing that the judgment debtor failed to comply with [previous] requests for production, courts generally do not issue an order compelling the production of those documents." *Copper Sands Homeowners Association v. Copper Sands Realty, LLC*, No. 2:10-cv-00510-GMN-NJK, 2017 WL 11927656, at *2 (D. Nev. Oct. 2, 2017) (citing *Bd. of Trs. v. FF&E Logistical, Inc.*, No. 2:16-cv-01289-RFB-NJK, 2017 U.S. Dist. LEXIS 121264, at *2 (D. Nev. Aug. 1, 2017) (collecting cases)).

1  Instead, the mechanism for seeking such documents is to serve a request for production in
2  accordance with Rule 34 of the Federal Rules of Civil Procedure.  *Id.*  Spectrum has provided no
3  reason why a Court order is needed, rather than seeking production of documents through serving
4  a request.

6  **IT IS THEREFORE ORDERED** that the Spectrum's motion for judgment debtor exam
7  (ECF No. 148) is **granted in part and denied in part without prejudice.**  The Court grants
8  Spectrum's motion regarding Spectrum's request for a judgment debtor exam and Spectrum's
9  request that the Court prohibit Salame from disposing of any of Aim High's property not exempt
10 from execution prior to the time scheduled for his judgment debtor exam.  The Court denies
11 Spectrum's motion without prejudice regarding Spectrum's request that the Court compel Salame
12 to produce documents.

14     DATED: September 17, 2025

16     DANIEL J. ALBREGTS
       UNITED STATES MAGISTRATE JUDGE