# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Aim High Investment Group, LLC, | Case No. 2:22-cv-00158-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Spectrum Laboratories, LLC, | |
| Defendant. | |
| And related cross claims. | |

Before the Court is Defendant/Cross-Claimant Spectrum Laboratories, LLC's motion for order deeming service effectuated or, in the alternative, for order authorizing service by alternative means and issuing amended order to show cause. (ECF No. 201). In that motion, Spectrum asks the Court to either: (1) deem its attempted service of the Court's order setting the July 29, 2026, show cause hearing on the manager of Plaintiff/Cross-Defendant Aim High Investment Group, LLC, Michael Salame to be effective; or (2) to authorize alternative service on Salame and move the show cause hearing to accommodate additional service attempts. No party has responded to the motion. Nonetheless, the Court finds that Spectrum has not made a sufficient showing of service attempts to justify either forms of relief it seeks. So, the Court denies the motion without prejudice.

## I.    Background.

In December of 2023 and January of 2024, Aim High's counsel moved to withdraw in a series of motions, which motions the Court granted. (ECF Nos. 111, 114). The Court ordered Aim High to inform the Court of its retention of counsel on or before January 19, 2024. (ECF No. 114). When Aim High missed that date, the Court set a show cause hearing for February 5, 2024. (ECF No. 116). The Court mailed a copy of the order setting the show cause hearing to Salame at 4980 Statz St., Unit 120, North Las Vegas, NV 89081. (ECF No. 116). Salame

appeared at that hearing for Aim High and the Court granted him additional time, until March 21, 2024, to retain counsel for Aim High. (ECF No. 120). When Salame missed that deadline, the Court ordered Aim High to show cause why the Court should not recommend sanctions for its failure to retain counsel. (ECF No. 124). In response, Salame requested, and the Court granted, another extension of time until May 28, 2024, for Aim High to retain counsel. (ECF Nos. 125, 127). When Aim High missed that deadline, the Court entered a report and recommendation that Aim High's claims against Spectrum be dismissed and that default be entered against Aim High on Spectrum's counterclaims. (ECF No. 129). The Court sent a copy of that recommendation to Salame at the 4980 Statz St., Unit 120, North Las Vegas, NV 89081 address. (*Id.*). When Aim High did not object to the report and recommendation, the Honorable United States District Judge Gloria M. Navarro adopted the report and recommendation. (ECF No. 130). Since then, Aim High has not responded to any of Spectrum's post-judgment motions in this case.

One of those motions was Spectrum's motion for a judgment debtor examination. (ECF No. 148). After Spectrum filed that motion, the Court ordered Spectrum to serve Aim High through a means other than the Court's CM/ECF system and sent a copy of its order to Aim High at the 4980 Statz St., Unit 120, North Las Vegas, NV 89081 address. (ECF No. 149). Spectrum then filed two certificates of service, one showing that it mailed the motion to Salame at the 4980 Statz St., Unit 120, North Las Vegas, NV 89081 address (ECF No. 150) and the other showing that it personally delivered a copy to the office manager at Aim High's registered agent's office at 340 East Warm Springs Road #110, Las Vegas, NV 89119 (ECF No. 151). When Aim High still did not respond to the motion, the Court granted it in part and denied it in part.[1] (ECF No. 159).

Spectrum then moved for an order to show cause why Salame should not be held in contempt (ECF No. 161) and a motion to compel Salame to produce documents and allow a site inspection of Aim High's warehouse at 4980 Statz St., Unit 120, North Las Vegas, Nevada 89081

---

[1] The Court denied the motion in part only with regard to Spectrum's request that the Court compel Salame to produce documents, explaining that Spectrum must first seek the documents through a request for production before the Court would compel their production. (ECF No. 159).

(ECF No. 166). In the motion to compel, Spectrum explained that when its counsel and videographer arrived at the warehouse to perform the site inspection, two Aim High employees greeted them, took the notice of site inspection, and asked that Spectrum's counsel wait while the employees contacted Salame. (ECF No. 166-2 at 2). When one of the employees returned, she said that she had spoken with Salame, that Salame wanted his attorney to review the notice of site inspection before allowing the inspection to go forward, and that Salame would not allow the January 16, 2026, site inspection to proceed. (*Id.*). Spectrum served its motion to show cause on Salame by mail at the warehouse at 4980 Statz St., Unit 120, North Las Vegas, Nevada 89081. (ECF No. 162). It served its motion to compel by mail on Aim High's registered agent at 340 East Warm Springs Road #110, Las Vegas, NV 89119; by mail on Salame at the warehouse at 4980 Statz St., Unit 120, North Las Vegas, Nevada 89081; and at a third address, 2010 Shenley Ct. Las Vegas, NV 89117. (ECF No. 166 at 9).

The Court granted the motion for order to show cause in part and denied it in part and granted the motion to compel. (ECF No. 198). In doing so, it set the order to show cause hearing for July 29, 2026. (*Id.*). It also sent a copy of the order setting the hearing to Salame by mail to the registered agent's address at 340 East Warm Springs Road #110, Las Vegas, NV 89119; by mail to Salame at the warehouse at 4980 Statz St., Unit 120, North Las Vegas, Nevada 89081; and to the third address, 2010 Shenley Ct. Las Vegas, NV 89117. [2] (*Id.*). It also ordered Spectrum to *personally* serve both Salame and Aim High with a copy of the order on or before June 19, 2026. (*Id.*).

On June 12, 2026, Spectrum filed proofs of service showing that it had served the order to show cause on Aim High at its registered agent's office[3] (ECF No. 199) and on Salame at Aim High's registered agent's office on the office manager (ECF No. 200), both at 340 East Warm

---

[2] In its instant motion, Spectrum appears to indicate that the third addresses is the location Salame was personally served previously, although it is not clear when. (ECF No. 201 at 6).

[3] In its motion, Spectrum explains that Aim High is in default status with the Nevada Secretary of State. (ECF No. 201 at 4). But despite its default status, Aim High's registered agent continues to accept service on its behalf. (*Id.*).

Springs Road #110, Las Vegas, NV 89119.  Spectrum's counsel also claims to have sent the order to Salame at two separate email addresses.  (ECF No. 201 at 5-6).  Spectrum now moves the Court to either deem service effectuated or to authorize alternative means of service on Salame.  (ECF No. 201).  Spectrum filed a certificate of service for that motion, showing that it served the motion via mail to the three addresses it has for Aim High and Salame: Aim High's registered agent's address at 340 East Warm Springs Road #110, Las Vegas, NV 89119; the warehouse at 4980 Statz St., Unit 120, North Las Vegas, Nevada 89081; and to Salame at 2010 Shenley Ct. Las Vegas, NV 89117.  (ECF No. 202).

**II.      Discussion.**

Spectrum moves under Federal Rule of Civil Procedure 4(e)(1), 5(b), and 69(a); Nevada Rule of Civil Procedure 4.4(b); Nevada Revised Statute 14.020; and the Court's inherent authority to either: (1) deem its service of the Court's order to show cause effective; or (2) to order alternative service and to issue an amended order to show cause with a new hearing date sufficiently far in the future to allow Spectrum to accomplish alternative service.  (ECF No. 201 at 2).  Spectrum explains that, despite its efforts, it has been unable to locate Salame for hand-to-hand service.  (*Id.* at 2).

The Court denies Spectrum's motion because it has not demonstrated sufficient attempts to personally serve Salame as required by the Court's order.  While Spectrum has filed a certificate of service showing that it served Aim High and Salame at Aim High's registered agent's address, that does not fulfill the Court's order to personally serve Salame.  And evidence of Spectrum's attempts to personally serve Salame is particularly absent for three reasons.  First, Spectrum has indicated that it knows the address where Salame has been personally served previously.  But it does not provide any further information about this prior personal service or whether it attempted to serve the order on Salame at this address.  Second, Nevada Rule of Civil Procedure 4.4(b)(2)(A)—under which rule Spectrum moves—requires a party seeking an order authorizing alternative service to provide affidavits, declarations, or other evidence of due diligence and the defendant's last known address and contact information.  But Spectrum has not attached the required affidavits, declarations, or other evidence of due diligence or identified each

of Salame's last known addresses and potential contact information.  Third, Spectrum references other cases involving Salame in which Spectrum alleges Salame has avoided service, but the service efforts in one of those cases only raises more questions.  Spectrum attaches a certificate of service from one of the cases in which a process server asserted to have served Salame by leaving a copy of documents at 309 Royal Aberdeen Way, Las Vegas, NV 89144-4331 on February 7, 2026, "with 'Jane Doe' whose relationship is Co-Resident, a person of suitable age and discretion residing at the defendant[']s usual place of abode."  (ECF No. 201-5).  But Spectrum does not explain whether it has attempted service on Salame at the 309 Royal Aberdeen Way, Las Vegas, NV 89144-4331 address.  Given these issues, the Court therefore denies Spectrum's motion without prejudice.

**IT IS THEREFORE ORDERED** that Spectrum's motion (ECF No. 201) is **denied without prejudice.**

DATED: July 7, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE